**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

U.S. SPECIALTY INSURANCE
COMPANY,

                **Plaintiff,**

-vs-                                               Case No. 6:09-cv-231-Orl-31KRS

WILLIAM G. BURD and TEW
CARDENAS, LLP,

                **Defendants.**
_____

## ORDER

This matter came before the Court without oral argument upon consideration of Plaintiff's, United States Speciality Insurance Company ("Plaintiff"), Motion to Strike Affirmative Defense (the "Motion to Strike") (Doc. 14) and Defendants', Williams G. Burd and Tew Cardenas, LLP ("Defendants"), response in opposition thereto (the "Response") (Doc. 19).

## I. Background

This legal malpractice suit arises out of a nine million dollar settlement that Plaintiff was allegedly compelled to enter into on behalf of its insured, the defendant in an underlying state court suit, *Payne v. Valiant Air Command, Inc.*, Case No. 05-2006-CA0666795 (Fla. Cir. Ct. 2006) [hereinafter the "*Payne* lawsuit"], after Plaintiff received improper legal advice from Defendants (Doc. 1 at ¶¶ 6, 41).

In its instant Motion to Strike, Plaintiff contends that Defendants' Seventh Affirmative Defense should be stricken because the defense is insufficient as a matter of law. In its entirety, Defendants' Seventh Affirmative Defense states:

> Plaintiff's damages, if any, were caused in whole or in part by the conduct of the Third Party Administrator LAD (Aviation) Inc. also known as CTC [sic]. Accordingly, any award Plaintiff obtains should be reduced or diminished by such Third Party's proportion of fault. Any such reduction includes but is not limited to those permitted by Florida Statutes Section 768.81 and the Supreme Court of Florida's decision in *Fabre v. Martin*, 623 So. 2d 1182 (Fla. 1993).

(Doc. 10 at 8).

Because the Third Party Administrator LAD (Aviation) Inc. ("LAD") was Plaintiff's agent, Plaintiff contends that the foregoing is redundant of Defendants' Sixth Affirmative Defense (which asserts contributory fault against Plaintiff only) and is inconsistent with apportionment of fault between two joint tortfeasors (Doc. 14 at 7-12).

In its response, Defendants contend, *inter alia*, that their Seventh Affirmative Defense is proper because LAD should be treated as a nonparty – not as Plaintiff's agent – and Plaintiff's alleged damages were caused in whole or in part by LAD (Doc. 19 at 6).

The Court addresses these arguments, *infra*.

## II. Subject Matter Jurisdiction

Plaintiff USSIC is a corporation organized under the laws of the State of Texas and with its principal place of business in the State of Texas. USSIC is therefore a citizen of the State of Texas (Doc. 1, ¶ 5).

Defendant William G. Burd is an attorney and a resident of the State of Florida.  Plaintiff USSIC alleges, and Defendant Burd admits, that Burd is a citizen of the State of Florida (Docs. 1, ¶ 4 and 10, ¶ 4).  William G. Burd is therefore a citizen of the State of Florida.

Defendant Tew Cardenas, LLP is a limited liability partnership organized under the laws of the State of Florida and with its principal place of business in the State of Florida (Docs. 1, ¶ 3 and 10, ¶ 3).[1]  Tew Cardenas, LLP is therefore a citizen of the State of Florida.

Plaintiff has alleged in its Complaint, and Defendants have admitted in their Answer, that the damages in this case exceed $75,000.00 (Docs. 1, ¶ 1 and 10, ¶ 1).

Based on the foregoing, the Court has subject matter jurisdiction over this matter pursuant to U.S. CONST. art. III, § 2 and 28 U.S.C. § 1332(a)(1).

**III. Standard of Review**

In pertinent part, Rule 12 provides that "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED. R. CIV. P. 12(f).  A "court will not exercise its discretion under [Rule 12(f)] to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).  Indeed, "An affirmative defense will only be stricken...if the defense is 'insufficient as a matter of law.'"  *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (quotations omitted).  While there are no "hard and fast rules for

---

[1] While neither Plaintiff nor Defendants identify the states in which Tew Cardenas, LLP has its general or limited partners, Tew Cardenas, LLP is not alleged to have any partners in the State of Texas.

-3-

determining what constitutes an insufficient defense," *Reyher*, 881 F. Supp. at 576 (M.D. Fla. 1995), an affirmative defense is generally insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. *Jesse's Computers & Repair, Inc.*, 211 F.R.D. at 683 (M.D. Fla. 2002) Furthermore, "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Reyher*, 881 F. Supp. at 576 (M.D. Fla. 1995). In evaluating a motion to strike, the Court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. *Id*.

## IV. Analysis

As noted, *supra*, Plaintiff argues that Defendants' Seventh Affirmative Defense is insufficient as a matter of law because LAD acted as Plaintiff's third party claim administrator and was therefore Plaintiff's agent. More specifically, Plaintiff "hired LAD as its third party administrator to adjust or handle the claim" that was later asserted in the underlying *Payne* lawsuit (Doc. 14 at 4). To the extent, then, that LAD's pre-suit administration of the *Payne* claim was improper or negligent, Plaintiff contends that LAD's actions "would give rise to a reduction of" Plaintiff's damages based on its own contributory fault – not an apportionment of fault between Plaintiff and its agent, LAD (Doc. 14 at 8-9, discussing FLA. STAT. 768.81).

Defendants respond by noting that LAD owed a duty to Plaintiff to properly administer the *Payne* claim and that because LAD breached that duty, LAD should be treated as a joint tortfeasor – not as Plaintiff's agent. "Accordingly, any award that [Plaintiff] obtains should be reduced or diminished by [LAD] proportion of fault," and Defendants should be permitted "to affirmatively plead [LAD]'s fault and prove it at trial by a preponderance of the evidence" (Doc. 19 at 6).

In pertinent part, Florida's comparative fault statute provides:

(2) Effect of contributory fault. – In an action to which this section applies, any contributory fault chargeable to the claimant diminishes proportionately the amount awarded as economic and noneconomic damages for an injury attributable to the claimant's contributory fault, but does not bar recovery.

(3) Apportionment of damages. – In cases to which this section applies, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability.

> (a) In order to allocate any or all fault to a nonparty, a defendant must affirmatively plead the fault of a nonparty and, absent a showing of good cause, identify the nonparty, if known, or describe the nonparty as specifically as practicable . . .
>
> (b) In order to allocate any or all fault to a nonparty and include the named or unnamed nonparty on the verdict form for purposes of apportioning damages, a defendant must prove at trial, by a preponderance of the evidence, the fault of the nonparty in cause the plaintiff's injuries.

FLA. STAT. 768.81.

Upon review, Plaintiff has failed to demonstrate that Defendants' Seventh Affirmative Defense is insufficient as a matter of law. Defendants are entitled at the outset of the litigation to plead both FLA. STAT. §§ 768.81(2) and 768.81(3) as defenses in this case. FED. R. CIV. P. 8(d)(3). Although Defendants' Seventh Affirmative Defense clearly would not apply at trial if LAD is found to be Plaintiff's agent, LAD's status as either a nonparty or as Plaintiff's agent has yet to be determined. Whether one or both defenses (assuming Plaintiff, irrespective of LAD's fault, was also at fault in some way) will apply at trial, then, boils down to a substantial question of law and fact. While it seems fairly clear that LAD may be regarded as Plaintiff's agent, Defendants have nevertheless put the question of LAD's status into issue. Furthermore, Plaintiff has failed to

demonstrate how it has been prejudiced at this early stage in the proceedings by Defendants' Seventh Affirmative Defense. Accordingly, Plaintiff's Motion to Strike will be denied.

## V. Conclusion

Based on the foregoing, it is **ORDERED** that Plaintiff's Motion to Strike Affirmative Defense (Doc. 14) is **DENIED**.

It is **FURTHER ORDERED** that, if the parties are unwilling to stipulate as to LAD's status and the applicability of Defendants' defenses after discovery, Plaintiff shall have leave to move for partial summary judgment on Defendants' Seventh Affirmative Defense.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 2, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE