# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**U.S. SPECIALTY INSURANCE COMPANY,**

           **Plaintiff,**

**-vs-**                                     **Case No. 6:09-cv-231-Orl-31KRS**

**WILLIAM G. BURD and TEW CARDENAS, LLP,**

           **Defendants.**

## ORDER

This cause comes before the Court on a Motion for Attorney's Fees (Doc. 245), filed by Defendant Tew Cardenas; a response (Doc. 248) filed by Plaintiff U.S. Specialty Insurance Co. ("USSIC"); and a reply (Doc. 254).

**I. Background**

This professional malpractice suit was originally filed on February 6, 2009. It proceeded to a jury trial on August 5, 2011 resulting in a verdict for Defendants on all counts. On June 26, 2012 the Eleventh Circuit affirmed. Defendants now move for attorney's fees pursuant to Florida's "offer of judgement" statute which provides, in relevant part,

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him . . . from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer . . .

Fla. Stat. § 768.79(1). On May 21, 2010, Tew Cardenas served USSIC with a written proposal for settlement (the "Proposal"). It states, in relevant part,

1. This proposal is attempting to resolve all claims that plaintiff has or might have brought against defendants or either of them in this lawsuit.

2. The condition of this proposal is that it includes the release and dismissal of defendant Burd as well as the proposing defendant Tew Cardenas.

3. The total amount of this proposal is $100,000. The only non-monetary terms of this proposal are plaintiff's signing of a general release in customary form in favor of both defendants, and filing, pursuant to Fla. R. Civ. P. 1.420(a)(1)(A), of a notice of voluntary dismissal, with prejudice as to both defendants of this lawsuit.

. . .

(Doc. 245-1). USSIC argues that the Proposal does not entitle Tew Cardenas to attorney's fees because it is fatally ambiguous with respect to the phrase "general release."

## II. Analysis

Under Florida law, a proposal for settlement must "state with particularity all nonmonetary terms of the proposal." Fla. R. Civ. P. 1.442. *State Farm Mut. Auto. Ins. v. Nichols*, 932 So. 2d 1067, 1078 (Fla. 2006). A release included in such a proposal must "eliminate any reasonable ambiguity about its scope." *Id*. at 1079; *Lucas v. Calhoun*, 813 So. 2d 971, 973 (Fla. 2d DCA 2002). The Florida Supreme Court explained, however that,

> . . . given the nature of language, it may be impossible to eliminate all ambiguity. The rule does not demand the impossible. It merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification. If ambiguity within the proposal could reasonably affect the offeree's decision, the proposal will not satisfy the particularity requirement.

*Nichols*, 932 So. 2d at 1079. Further, "the only enforceable 'nonmonetary condition' allowable under the rule is one that does not go beyond what the offeror would be entitled to by operation of

law, upon settlement." *Dryden v. Pedemonti*, 910 So. 2d 854, 858 (Fla. 5th DCA 2005); *see also Kee v. Baptist Hosp. of Miami, Inc.*, 971 So. 2d 814, 816-17 (Fla. 3d DCA 2007). An offeror is not required to attach the release. *Lyons v. Chamoun*, 4D10-872, 2012 WL 2400867 (Fla. 4th DCA June 27, 2012).

The seminal case on this issue is *State Farm v. Nichols*, which involved an insurance dispute between State Farm, and its insured Nichols. *State Farm Mut. Auto. Ins. v. Nichols*, 932 So. 2d 1067, 1078 (Fla. 2006). Nichols was injured in a car accident and sued State Farm for unpaid personal injury protection (PIP) benefits. While the suit was pending, State Farm served Nichols with a proposal for settlement which included a release. The proposal required that Nichols "execute a General Release in favor of State Farm, which will be expressly limited to all claims, causes of action, etc., that have accrued through the date of Nichols's acceptance of this Proposal." *Id*. at 1071. At the time of the proposal however, Nichols "also had an outstanding uninsured motorist ("UM") claim arising from the same accident . . . . Fearing that the release would extinguish both the PIP claim and the UM claim, Nichols rejected the offer. State Farm later claimed that it did not intend for the release to extinguish the UM claim." *Id*. The Florida Supreme Court held that the proposal was ambiguous because it did not clarify which outstanding claim would be extinguished. *Id.* at 1080.

In this case, USSIC cites to two claims which it argues could have been extinguished by the Proposal, (1) its "contractual indemnity claim against its Claims Administrator, Charles Taylor Consulting ("CTC")"; and (2) "seperate, extrinsic claims against [Burd] for negligence that he might have committed in other litigated cases that he was handling for USSIC." (Doc. 248 at 5, 6-7). USSIC bases its argument primarily on the phrase "general release in customary form," which

it argues is "virtually meaningless." (Doc. 248 at 7) (citing *Swartsel v. Publix Super Markets, Inc.*, 882 So. 2d 449, 453 (Fla. 4th DCA 2004). A "general release," it argues, can be so broad as to release "everyone from everything that happened from the beginning of the world." (Doc. 248 at 5). Had Tew Cardenas meant to exclude only particular defendants from particular claims, it should have used the words "special release," or "limited release," or just "release."(Doc. 248 at 7).

While USSIC may be correct when reading that phrase in isolation, a fair reading of the Proposal as a whole leaves little room for ambiguity. For example, it states that it is attempting to resolve claims that were, "or might have been brought against *defendants or either of them in this lawsuit* . . .[and] includes the release and dismissal of defendant Burd as well as the proposing defendant Tew Cardenas . . . ." (Doc. 245-1) (emphasis added). Further, it proposes that USSIC file a notice of voluntary dismissal with prejudice "as to both defendants of this lawsuit." (Doc. 245-1). Accordingly, a fair reading limits the release to Tew Cardenas and Burd for claims that were, or might have been brought against them in this lawsuit. The extrinsic claim against CTC is clearly not included because it was not a party to this suit. Thus, "USSIC could not have reasonably been concerned that the Proposal encompassed its contract-based dispute with non-party CTC." (Doc. 254 at 2).

Further, there is no ambiguity with respect to any extrinsic claims against Burd for at least two reasons. First, USSIC cites to no outstanding claims between USSIC and Burd at the time of this lawsuit, nor have there been any such claims since. (*See* Doc. 254 at 2-3). In cases where proposals are found to be fatally ambiguous, there were actually outstanding or pending claims which could have been extinguished, not just the mere suggestion that one may exist in the future.

*See, e.g., Nichols*, 932 So. 2d at 1080 (outstanding uninsured motorist claim arising from the same accident); *Lyons v. Chamoun*, 4D10-872, 2012 WL 2400867 (Fla. 4th DCA June 27, 2012) (proposed release in a car injury case did not state whether both driver and owner of car were included); *Palm Beach Polo Holdings, Inc. v. Vill. of Wellington,* 904 So. 2d 652, 653 (Fla. 4th DCA 2005) (" . . . multiple law suits were then pending between the parties . . . ."). Second, even if there were such claims, there is nothing to suggest that negligence committed by Burd in "other litigated cases" would give rise to claims which "were or might have been brought" in this lawsuit.

In sum, there is no ambiguity in the Proposal that could reasonably affect USSIC's decision. *Nichols*, 932 So. 2d at 1079. USSIC knew that by accepting the $100,000.00 offer, it would have to do two things: (1) dismiss with prejudice claims asserted by USSIC in this case against Burd and Tew Cardenas, and (2) release Defendants from all liability in connection with the incident underlying this lawsuit. Better practice would be to attach the proposed release or specify its terms, but that is not an absolute requirement. *Id*.

It is therefore,

**ORDERED** that Defendant's Motion for Attorney's Fees, (Doc. 245) is **GRANTED** with respect to the entitlement issue. Plaintiff may file a response directed to the amount of attorney's fees by no later than September 10, 2012.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 8, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE